UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **PETRE PETROV,**<br>    **Plaintiff**<br>  v.<br><br>**CHAD WOLF**, Acting Secretary, U.S. Department of Homeland Security; **WILLIAM BARR**, U.S. Attorney General; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and **MICHAEL J. MCCLEARY**, Field Office Director, USCIS Boston Field Office.<br>    **Defendants.** | C.A. No. |

**PLAINTIFF'S COMPLAINT FOR
WRIT OF MANDAMUS**

This action is brought by the Plaintiff, **Petre Petrov**, against the Defendants to compel action on an application to adjust status properly filed by the Plaintiff in December, 2017. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

**PARTIES**

1. The Plaintiff, **Petre Petrov**, is a native and citizen of Bulgaria who has resided in the United States since 1993. The Plaintiff lives in Arlington, Massachusetts with his U.S. Citizen wife and their 6 year old U.S. Citizen child.

2. The Defendant, **Chad Wolf**, is being sued in his official capacity as the Acting Secretary of the Department of Homeland Security. In this capacity, he is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and he possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the

Acting Secretary of the Department of Homeland Security is responsible for the adjudication of visa petitions, applications to adjust status, and various other immigration applications pursuant to §§ 204, 245, et. seq. of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1154, 8 U.S.C. §1255, et. seq.  The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Acting Secretary's authority has in part been delegated, and is subject to the Acting Secretary's supervision.

3. The Defendant, **William Barr**, is being sued in his official capacity as the Attorney General of the United States.  In this capacity, he is also charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and he possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens.  More specifically, the Attorney General, together with the Acting Secretary of the Department of Homeland Security, is responsible for the adjudication of visa petitions, applications to adjust status, and various other immigration applications pursuant to §§ 204, 245, et. seq. of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1154, 8 U.S.C. §1255, et. seq.  The U.S. Citizenship and Immigration Services is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

4. The Defendants, **Department of Homeland Security (hereinafter "DHS") and the U.S. Citizenship and Immigration Services (hereinafter "CIS")** are the agencies responsible for enforcing the INA and for adjudicating and properly acting on the Plaintiff's pending application to adjust status.

5. The Defendant, **U.S. Citizenship and Immigration Servic**es**,** includes the **Boston Field Office.** The Defendant, **Michael McCleary**, is the Director of the Boston Field Office which is the place where the Plaintiff and his wife were interviewed and where Plaintiff's application to

adjust status is still pending. The CIS Boston Field Office is located at the JFK Building, 15 New Sudbury Street, Boston, MA 02203.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 U.S.C. Sections 1331 and 1361, 5 U.S.C. Section 701 et seq., and 28 U.S.C. Section 2201 et seq. Relief is requested pursuant to said statutes. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005). The Plaintiff files this case merely to compel action on a long-delayed Application to Adjust Status. The Plaintiff does not seek review of a discretionary decision of the Defendants.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiff and a Defendant reside and where a substantial portion of the events or omissions giving rise to the Plaintiff's claims occurred. More specifically, the Plaintiff resides in Massachusetts, he and his wife attended at interview in connection with his application to adjust status in Boston and the Plaintiff's application to adjust status is pending with the CIS Boston Field Office.

## EXHAUSTION OF REMEDIES

8. The Plaintiff has exhausted his administrative remedies. The Plaintiff paid the filing fee for his application to adjust status and over the past 3 years has made countless inquiries regarding the status of his application. However, as of this date, the CIS has failed to make a decision on the Plaintiff's application.

## CAUSE OF ACTION

9.      The Plaintiff has resided in the United States since 1993. On November 7, 2000, the Plaintiff married his former U.S. Citizen spouse and subsequently applied for adjustment of status in conjunction with a visa petition which she filed for him. In early February, 2002, the Plaintiff's former spouse's visa petition was approved. However, despite the fact that the Plaintiff applied for adjustment of status after he got married based on his wife's visa petition, his application to adjust status was not approved until September 12, 2007. By that time, the Plaintiff and his former spouse had divorced. Therefore, although he obtained lawful permanent residence and was issued a lawful permanent resident card valid through November 8, 2017, it is doubtful that the Plaintiff was properly admitted as a lawful permanent resident. Nevertheless, the error was never discovered by the Defendants and the Plaintiff had no idea his residence might not be valid and no reason to believe his lawful permanent residence was approved in error. Therefore, the Plaintiff lived and worked in the United States legally and traveled in and out of the United States with his lawful permanent resident card.

10.     On July 9, 2014, the Plaintiff married his current spouse who is a naturalized U.S. Citizen. The couple's child was born in 2014. The Plaintiff last entered the United States on August 28, 2016 with his then current lawful permanent resident card. After consultation with an immigration attorney, the Plaintiff determined that rather than apply for citizenship or to renew his lawful permanent resident card, the best way to solve the issue with his status as a resident was to re-apply for lawful permanent residence based on his current marriage. Therefore, on December 21, 2017, the Plaintiff submitted an application to adjust status on Form I-485 in conjunction with his current wife's visa petition on Form I-130. (A copy of the receipt for the I-

485 is attached hereto as Exhibit A). This process was initiated by the Plaintiff with the assistance of counsel in order to correct his status as a lawful permanent resident and to finally ensure that his status in this country was properly established.

11. On September 6, 2018, the Plaintiff and his spouse attended an interview at the CIS Boston Field Office with their attorney. During that interview, the Plaintiff's attorney explained the situation with his immigration history and advised the Defendant, CIS, that the Plaintiff sought to re-adjust his status as a lawful permanent resident. By notice dated November 15, 2019, the Defendant, CIS, approved the Plaintiff's wife's visa petition. However, despite the fact that the Plaintiff's marriage is bona fide and that he is eligible to obtain lawful permanent residence, the Defendants failed to adjudicate his application to adjust status.

12. The Plaintiff paid all required fees for his application and has complied in all respects with the Immigration and Nationality Act regarding his application to adjust status. Subsequent to filing his application, the Plaintiff and his attorney have made countless inquiries regarding the status of the application to adjust status, including inquiries through Congressional members who also inquired about his case.  However, as of the date of this filing, the CIS has not responded to the inquiries other than to say that the case is delayed in the adjudication process based on a "technical issue." Regardless of the Defendants' concerns, the CIS has failed and/or refused to adjudicate the application which has now been pending for over 3 years.

13. The government's failure to adjudicate the Plaintiff's application to adjust status has caused the Plaintiff to suffer constant anxiety and has put his life on hold. As a direct result of the Defendants' failure to perform their duties to adjudicate the application, the plaintiff has lost valuable time as a resident of the United States that will eventually lead to citizenship in this country and has been forced to pay for additional employment authorization cards annually. He

has also been unable to travel outside the United States. The Plaintiff is statutorily eligible to adjust his status and has no criminal convictions that render him ineligible for adjustment of status. The CIS' failure to adjudicate the Plaintiff's application has had a profound impact on the Plaintiff and he is entitled to a decision on his pending application.

14. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. section 701 et seq., are unlawfully withholding or unreasonably delaying action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. The Plaintiff is entitled to a decision on his application to adjust status and demands that the Defendants make such a decision. The Plaintiff now seeks a Court order requiring the Defendants to adjudicate his application.

## PRAYERS FOR RELIEF

WHEREFORE the Plaintiff respectfully prays that this honorable Court enter an order:

(a) accepting jurisdiction over the subject matter in this action;

(b) requiring Defendants to adjudicate the Plaintiff's application to adjust status;

(c) awarding the Plaintiff all costs and reasonable attorney's fees associated with this matter; and

(d) granting such other relief at law and in equity as justice may require.

**Respectfully submitted,**

**Petre Petrov**
**By his attorney,**

**/s/ Anthony Drago, Esq._____**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**35 India Street**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**